JOSEPH J. GOLDBLATT, Plaintiff, *v.* LOUIS SHERMAN and Another, Defendants.

Supreme Court, Appellate Term, First Department, April 10, 1924.

Trial — instructions — reversible error for court to refuse to charge that receipt given for cash account must be considered in arriving at verdict — jury misled to defendant's prejudice.

In an action upon a claim of the defendants that they had turned over to the plaintiff as so much cash a demand of theirs against another, it is reversible error for the court to refuse to charge the jury that a receipt, offered in proof, must be considered by the jury in arriving at their verdict, where it appears, if the defendants' story was believed, that plaintiff accepted the account as so much cash regardless of whether it ever was paid, and where it further appears that the trial court misled the jury to defendants' prejudice by serious inexactness in stating the respective contentions of the parties.

APPEAL by the defendants from a judgment for the plaintiff in the Municipal Court of the city of New York, borough of The Bronx, second district, after trial.

*Max Rothenberg,* for the appellants.

*Irving I. Kremer,* for the respondent.

*Per Curiam.* The controversy centered largely upon defendants' claim that they had turned over to the plaintiff by mutual consent as so much cash a demand of theirs against one Glick, and that this was evidenced by a receipt offered in proof. The learned judge,

when asked to charge the jury that this receipt must be considered in arriving at the ultimate verdict, refused to so charge, and added that " the defendant himself testified that he didn't know whether the $75 had ever been paid by Glick to any one." If the defendants' story was believed, that plaintiff accepted the Glick account as so much cash, it was wholly immaterial whether Glick ever paid it or not.

This error, in addition to serious inexactness in stating the respective contentions of the parties, must almost necessarily have misled the jury to defendants' prejudice, and, as due exception was taken to the statements, the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, BIJUR, MCCOOK and CRAIN, JJ.

Judgment reversed and new trial ordered.